

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:20 CR 255 |
| v. | ) | JUDGE  JUDGE LIOI |
| | ) | |
| JOHN GEORGE MEDAS, | ) | Title 26, United States Code, Section |
| | ) | 7202; Title 18, United States Code, |
| Defendant. | ) | Sections 669 and 2 |

GENERAL ALLEGATIONS

At all times relevant to this Indictment, except where otherwise noted:

A.  Defendant and Entities

1. Defendant JOHN GEORGE MEDAS was a resident of North Royalton, Ohio. Defendant owned and operated numerous manufacturing businesses.

2. Guarantee Product Specialties, Inc. ("GPS") was incorporated in the State of Ohio. Defendant was GPS's president.

3. Fulton Manufacturing Industries, LLC ("Fulton") was incorporated in the State of Ohio. Defendant was Fulton's president.

4. FMI Products, LLC ("FMI") was incorporated in the State of Ohio. Defendant was FMI's president.

5. As president of GPS, FMI, and Fulton (together, the "Companies"), Defendant was ultimately responsible for, among other functions, the finances, including maintaining the payroll records and payroll bank account, preparing payroll checks, preparing and filing the

employment tax returns, and paying the employment taxes. Defendant signed off on all of the related financial documents, reports, and payments.

B. <u>Bank Accounts</u>

6. Defendant opened and caused to be opened Chase business bank accounts ending in numbers x0150, x1250, x2990, x3006, x3022, x3218, and x6112 for FMI. Defendant used accounts x1250 and x3218 as FMI's primary operating accounts and Defendant was the sole signatory on the accounts.

7. Defendant opened and caused to be opened a Chase business bank account ending in numbers x8520 for GPS. This account was GPS' primary operating account and Defendant was the sole signatory on the account.

8. Defendant opened and caused to be opened Chase business bank account ending in numbers x2290 for Fulton. This account was Fulton's primary operating account and Defendant was the sole signatory on the account.

C. <u>Internal Revenue Service Laws and Obligations</u>

9. The Companies' employment taxes included Federal Insurance Contributions Act ("FICA") taxes and income taxes that Defendant was required to withhold from the taxable wages of the Companies' employees and FICA excise taxes Defendant was required to pay on those taxable wages.

10. Under the internal revenue laws, an employer was required on a quarterly basis to report and pay to the IRS the FICA taxes owing with respect to the taxable wages paid by the employer (also known as social security and Medicare taxes) and federal income taxes required to be withheld from those wages.

11. The FICA taxes consisted of an "employees' portion," required to be withheld from the employees' wages and an "employer's portion," which the FICA imposed as an excise tax on the employer. Employers were required to report their employment tax obligations on an Employer's Quarterly Federal Tax Return, Form 941. The returns were due by the last day of the month following the end of the calendar quarter.

D. <u>Defendant's Failure to Pay Employment Taxes</u>

12. Defendant failed to pay over to the IRS approximately $760,725.10 of the employment taxes owed from the 1st quarter of 2014 through the 4th quarter of 2018.

E. <u>FMI Products, LLC Health Plan</u>

13. On or about February 18, 2010, Defendant created a heath care benefits plan (the Health Plan) for employees of the Companies. Defendant applied for coverage with Medical Mutual of Ohio. During 2016, the Health Plan provided health benefits to at least 10 participating employees, plus dependents, during the contract period.

14. Between on or about July 29, 2016, and on or about September 16, 2016, Defendant failed to remit and caused the failure to remit approximately $3,807.69 in Health Plan participating employees' premiums withheld from employee wages.

COUNTS 1-25
(Willful Failure to Collect, Account for, and Pay Over Tax,
26 U.S.C. § 7202 and 18 U.S.C. § 2)

The Grand Jury charges:

15. The allegations contained in paragraphs 1 through 12 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

16. On or about the dates set forth below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JOHN GEORGE MEDAS, who, for the calendar quarters

ending with the approximate dates set forth below, was required, for and on behalf of Guarantee Product Specialties, Inc.; Fulton Manufacturing Industries, LLC; and FMI Products, LLC (together, the "Companies"), to collect, account for, and pay over, federal income taxes and Federal Insurance Contributions Act ("FICA") taxes that the Companies were required to and did withhold from the total taxable wages of the Companies' employees in the combined sums set forth below, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said withheld federal income taxes and FICA taxes due and owing to the United States on behalf of the Companies, and their employees, for each of the quarters listed below, in the approximate amounts and for each Company listed below, with each calendar quarter constituting a separate count of this Indictment:

| Count | On or About Date of Offense | Calendar Quarter Ending | Company | Approximate Unpaid Withheld Taxes |
|---|---|---|---|---|
| 1 | April 30, 2014 | March 2014 | GPS | $13,183.08 |
| 2 | July 31, 2014 | June 2014 | GPS | $16,940.12 |
| 3 | December 31, 2014 | September 2014 | GPS | $16,843.92 |
| 4 | January 31, 2015 | December 2014 | GPS | $16,401.16 |
| 5 | April 30, 2015 | March 2015 | GPS | $2,627.60 |
| 6 | April 30, 2014 | March 2014 | Fulton | $55,072.88 |
| 7 | July 31, 2014 | June 2014 | Fulton | $55,072.97 |
| 8 | December 31, 2014 | September 2014 | Fulton | $50,799.27 |
| 9 | January 31, 2015 | December 2014 | Fulton | $37,647.94 |
| 10 | April 30, 2015 | March 2015 | Fulton | $5,837.10 |
| 11 | April 30, 2015 | March 2015 | FMI | $37,501.02 |
| 12 | July 31, 2015 | June 2015 | FMI | $55,221.80 |
| 13 | January 31, 2016 | December 2015 | FMI | $45,780.54 |
| 14 | April 30, 2016 | March 2016 | FMI | $56,183.25 |
| 15 | July 31, 2016 | June 2016 | FMI | $55,329.02 |
| 16 | December 31, 2016 | September 2016 | FMI | $42,862.32 |
| 17 | January 31, 2017 | December 2016 | FMI | $32,617.32 |
| 18 | April 30, 2017 | March 2017 | FMI | $24,343.48 |
| 19 | July 31, 2017 | June 2017 | FMI | $27,485.52 |
| 20 | December 31, 2017 | September 2017 | FMI | $33,074.70 |
| 21 | January 31, 2018 | December 2017 | FMI | $26,551.50 |
| 22 | April 30, 2018 | March 2018 | FMI | $21,703.20 |
| 23 | July 31, 2018 | June 2018 | FMI | $12,654.79 |
| 24 | December 31, 2018 | September 2018 | FMI | $12,015.29 |

| Count | On or About Date of Offense | Calendar Quarter Ending | Company | Approximate Unpaid Withheld Taxes |
|---|---|---|---|---|
| 25 | January 31, 2019 | December 2018 | FMI | $6,975.31 |

All in violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

## COUNT 26
(Embezzlement from a Health Care Benefit Plan, 18 U.S.C. §§ 669 and 2)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 8 and 13 through 14 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

18. Between on or about July 29, 2016, and September 16, 2016, in the Northern District of Ohio and elsewhere, Defendant JOHN GEORGE MEDAS knowingly and willfully embezzled, stole and converted without authority to his use the moneys, funds, securities, premiums, credits, property, and other assets of a health care benefit program, as defined in Title 18, United States Code, Section 24(b), to wit: approximately $3,807.69 in pre-tax health contributions for the benefit of the FMI Products, LLC Health Plan, in violation of Title 18, United States Code, Sections 669 and 2.

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.