**(Revised 3/2020)**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-255 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | TRIAL ORDER |
| JOHN GEORGE MEDAS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

The defendant has been arraigned in this matter. The Court now enters this Order to guide the parties in the disposition of this matter.

## PLEAS AND PLEA STATEMENTS

The plea deadline is **July 6, 2020**. A guilty plea hearing shall be scheduled by counsel with the Court to take place on or before this date.

If a defendant intends to enter a plea of guilty without a written plea agreement, then the attorneys shall jointly provide the Court with a Plea Statement which includes the elements of the offense(s) to which the defendant is pleading, as well as the maximum statutory penalties for the offense(s).

## PRE-TRIAL CONFERENCE

The pre-trial conference in this matter will take place in Courtroom 530, 2 South Main Street, Akron, Ohio, on **7/13/2020** at **1:00 p.m.**. Lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions and trial schedules. The defendant must be present.

## TRIAL

The jury trial in this matter shall commence in Courtroom 530, 2 South Main Street, Akron, Ohio, on **August 17, 2020** at **8:00 a.m**.

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

### 1. Trial Days

Trials will begin at 8:00 a.m. and continue until 5:00 p.m., unless circumstances dictate otherwise. A one (1) hour lunch break and two (2) fifteen minute breaks will be provided. Counsel must promptly notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. Accordingly, counsel should expect to be present in the courtroom from 7:45 a.m. until 5:30 p.m. in order to address matters outside the presence of the jury.

All parties are to be present in the courtroom at all times when the jury is seated.

### 2. Stipulations of Fact and Preliminary Statements

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute. Said stipulations shall be signed by both counsel as well as the defendant and filed with the Court no later than seven (7) calendar days prior to the trial date.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the

2

context of the trial for the jury and must be filed with the Court and emailed to chambers in Word format no later than seven (7) calendar days prior to the final pretrial conference.

### 3. Motions and Trial Briefs

Unless otherwise ordered by the Court, motions other than motions *in limine* shall be filed within twenty-one (21) calendar days following the date of arraignment. Motions *in limine*, shall be filed no later than seven (7) calendar days before the trial date. The Court does not look favorably upon the practice of filing *pro forma* motions. It is expected that every motion filed will be based on real factual need and be supported by a substantial foundation and that such foundation will be explicitly stated in the motion pursuant to Local Criminal Rule 12.1.

Trial briefs shall be filed no later than seven (7) calendar days before the trial date. A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law together with specific citations of statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial.

The header of every document in the electronic record of a case contains a "Page ID #" in the upper right corner. Whenever a motion, brief or other filing makes reference to the record, it must do so using that Page ID #. (E.g., a reference might be: "Doc. No. 22 at 1253.")

### 4. Exhibits

Counsel shall mark for identification purposes all proposed exhibits and material intended to be used or offered during the course of the trial or hearing. All exhibits and/or material intended to be used during the trial shall be marked for identification purposes with labels, available upon request from the Office of the Clerk, and indexed.

All parties shall mark exhibits with numbers and the name of the party (*e.g.*, "1-

Government," "1-Jones," "1-Smith"). Joint exhibits shall use numbers followed by the word "Joint," e.g., 1-Joint, 2-Joint. The case number shall appear on the exhibit stickers. Any multi-page exhibit must have numbers applied to each page for ease of identification.

All documentary exhibits and/or papers intended to be used during the course of trial shall be assembled in three-ring binders, with each document or paper properly marked at the lower right-hand corner for identification purposes as described above.

On the day the trial begins, counsel shall submit to the Court two (2) courtesy copies of all proposed exhibits, along with an index (form attached hereto as "Appendix B") containing a brief description of each exhibit.

Counsel shall exchange exhibits (see Appendix A) seven (7) calendar days before the trial date. The exhibit lists shall list and briefly describe each item of documentary or physical evidence which is to be offered.

Any objections to a proposed exhibit shall be filed no later than three (3) business days before the trial date. Such objections shall include a brief statement as to why the proposed exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

Each attorney shall have a continuing obligation to supplement the party's exhibit list immediately upon learning of any additional exhibit. Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause. Where more than ten (10) exhibits are offered by a party, it is required that counsel place all exhibit sets in a three-ring loose-leaf binder/notebook with appropriately marked divider tabs and a table of contents.

Exhibits themselves will not be filed with the Clerk of Court.

**5.      Witnesses**

Counsel shall file under seal a list of proposed witnesses (*see* Appendix B) seven (7) calendar days before the trial date. The witness lists shall provide a brief description of each witness and the purpose of witness's testimony.

Any objections to a proposed witness shall be filed no later than three (3) business days before the trial date. Such objections shall include a brief statement as to why the proposed witness should not be permitted, as well as specific citations to pertinent case law or other legal authority.

**6.      Voir Dire**

The Court will conduct initial *voir dire* of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question the panel briefly on issues not addressed by the Court.

Proposed questions for the Court's *voir dire* must be filed no later than seven (7) calendar days prior to the final pretrial conference date.

**7.      Jury Instructions**

Counsel are required to file complete jury instructions with the Court and email them to chambers in Word format. The instructions should include: (1) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (2) the law applicable to the particular charges for which the defendant is on trial; (3) any interrogatories; and (4) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than fourteen (14) calendar days prior to the trial date. Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed no later than seven (7) calendar days prior to the trial date, providing: (1) agreed upon instructions; (2) instructions proposed by plaintiff, but opposed by defendants; and (3) instructions proposed by defendants, but opposed by plaintiffs. All proposed instructions shall be supported by citations to legal authority.

**8.      Jencks and Reciprocal Jencks Material**

Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide Jencks and reciprocal Jencks material no later than the close of proceedings the day before the witness is expected to testify.

**9.      Special Instructions to Counsel**

Any and all motions, responses, stipulations, objections, pleadings or memoranda filed or required to be filed within two (2) business days of any plea, conference, hearing, final pretrial, or trial, shall be emailed to chambers in Word format as well as to opposing counsel on the same day it is filed. If and when a plea or change of plea is scheduled, the plea agreement shall be emailed to the Court in Word format not later than one day prior to the plea.

**10.      Electronic Courtroom**

The Court is pleased to have one of the most technologically advanced courtrooms in the United States. This courtroom features, among other things, the technology necessary to present evidence in a video format. The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of trial.

6

**11.     Conduct of Counsel**

Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

**12.     Change of Address**

Counsel shall notify the Court and the Clerk of this Court by letter of any address and/or telephone number changes to assure proper notification.

        **IT IS SO ORDERED**.

Dated: June 15, 2020                                    _____
                                                                        **HONORABLE SARA LIOI**
                                                                        **UNITED STATES DISTRICT JUDGE**

7

# APPENDIX "A"

_____

PLAINTIFF

vs.                                    CASE NO.

                                    JUDGE SARA LIOI

_____

DEFENDANT

| PLAINTIFF/DEFENDANT/JOINT EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

# APPENDIX "B"

_____
PLAINTIFF

vs.                                          CASE NO.

_____
DEFENDANT                                JUDGE SARA LIOI

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

9