IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20 CR 255 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | UNITED STATES' MOTION FOR A |
| JOHN G. MEDAS, | ) | PROTECTIVE ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States, through the undersigned counsel, and pursuant to Criminal Rule of Procedure (16)(d)(1), applies to this Court for a Protective Order to restrict access to, and dissemination of, discovery materials. As grounds, the Government asserts as follows:

Most of the discovery in this case will be provided in digital format. At different stages of the case, the defense will be provided with electronic storage devices containing scanned or electronic records. These discovery disbursements will include affidavits in support of search warrants, grand jury transcripts, *Brady* disclosures, and subpoenaed documents. In the present case, the format in which most of the discovery will be provided greatly increases the risk of dissemination. In light of the personally-identifying information included in the discovery, dissemination of the information could lead to severe consequences for individuals, such as identify theft or disclosure of personal medical information. Indeed, Federal Rule of Criminal Procedure 49.1(a) recognizes the sensitive nature of personally-identifying information by requiring parties to redact it from court filings.

The dissemination of discovery, including affidavits in support of search warrants, emails, records containing personal identifiers and financial information, and Jencks Act materials, may jeopardize the privacy and financial safety of the victims and witnesses and impede the due administration of justice.  Victim-witness privacy, moreover, is an appropriate consideration in deciding the need for a Rule 16 protective order.  *See, e.g., United States v. Carriles*, 654 F. Supp. 2d 557 (W.D. Tex. 2009).  Accordingly, the restriction of discovery information is required to ensure the financial safety of victims/witnesses, protect the personal information of individuals involved in the case, preserve the integrity of the discovery process, and serve the ends of justice.

The Government proposes that the following procedures be implemented in order to ensure the safety of victims/witnesses, protect the personal information of individuals, preserve the integrity of the discovery process, and avoid prejudicial pretrial publicity while protecting the rights of the defendant to the disclosure of evidence under Criminal Rule of Procedure 16 and to adequately assist counsel in the preparation of a defense.

The Government thus proposes the following:

(1)  Any and all discovery material the Government produces to the defendant in discovery shall be reviewed by only (a) the defendant; (b) the defendant's attorney or attorneys of record in this case; (c) employees or agents of those attorneys; (d) a photocopying or data processing service to whom it is necessary that the defendant provide the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this case; (e) witnesses or potential witnesses; and (f) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case.  No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.  Nor shall the contents of any

discovery material be disclosed, in any other manner, to any individual or entity except as provided in the Court's order, as has been agreed by the parties, or as further ordered by the Court.

(2) The defendant shall use discovery material and its contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever. No additional copies of any discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendants or their attorneys of record must inform the person to whom the disclosure is made of the existence and contents of this protective order.

(3) The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (a) Social Security numbers, (b) names of minor children, (c) dates of birth, and (d) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third party.

(4) Upon notification and direction by the Government to defense counsel within 60 days following the conclusion of these proceedings, of any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the Government and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the Government or destroyed by the defendants, unless the Court (or government) gives specific written permission for an exception to this requirement.

(5) The Court's order would also apply to any and all individuals to whom the defendant, pursuant to the Court's order, shows or discloses the contents or substance of any material

produced to them by the Government. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of the Court for all purposes, including sanctions or contempt for violation of the Court's order.

For these reasons, the Government respectfully requests that this Court grant its application and issue the attached Protective Order.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Brian McDonough
Brian McDonough (Reg. No. OH 0072954)
Assistant United States Attorney
Carl B. Stokes United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Tel.: (216) 622-3965
brian.mcdonough@usdoj.gov