IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:20 CR 255 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN G. MEDAS, | ) | <u>PROTECTIVE ORDER</u> |
| Defendant. | | |

This matter is before the Court upon the Government's application, pursuant to Criminal Rule of Procedure 16(d)(1), for a Protective Order to restrict access to discovery materials.

The Court finds and orders as follows:

(1) Any and all discovery material the Government produces to the defendant in discovery shall be reviewed by only (a) the defendant; (b) the defendant's attorney or attorneys of record in this case; (c) employees or agents of those attorneys; (d) a photocopying or data processing service to whom it is necessary that the defendant provide the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this case; (e) witnesses or potential witnesses; and (f) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case.  No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.  Nor shall the contents of any discovery material be disclosed, in any other manner, to any individual or entity

except as provided in the Court's order, as has been agreed by the parties, or as further ordered by the Court.

(2) The defendant shall use discovery material and its contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever. No additional copies of any discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendants or their attorneys of record must inform the person to whom the disclosure is made of the existence and contents of this protective order.

(3) The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (a) Social Security numbers, (b) names of minor children, (c) dates of birth, and (d) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third party.

(4) Upon notification and direction by the Government to defense counsel within 60 days following the conclusion of these proceedings, of any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the Government and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the Government or destroyed by the defendants, unless the Court (or government) gives specific written permission for an exception to this requirement.

(5) The Court's order would also apply to any and all individuals to whom the defendant, pursuant to the Court's order, shows or discloses the contents or substance of any material produced to them by the Government. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of the Court for all purposes, including sanctions or contempt

for violation of the Court's order.

       Violation of any provision in this Protective Order may be punished as Contempt of Court.

Dated: 6/19/2020

                                                 Sara Lioi
                                                 United States District Judge