# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-255 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ENDS OF JUSTICE ORDER |
| | ) | PURSUANT TO THE SPEEDY |
| JOHN GEORGE MEDAS, | ) | TRIAL ACT |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter came before the Court upon the unopposed motion of the defendant, John George Medas, to continue the trial date and all related dates in this complex case. (Doc. No. 17.) The motion is granted and the dates and deadlines in this case are continued pursuant to 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. §§ 3161(h)(B)(i), (ii), and (iv).

As grounds for the continuance, and for the reasons set forth in the motion, the Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial, because failure to grant such a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Additionally, for the reasons set forth previously and in the motion, the Court reaffirms its finding that the case is unusual and complex due to the nature of the prosecution and nature and volume of the evidence, and that is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by 18 U.S.C. § 3161.

The Court also finds that the ends of justice are served by the continuance due to the Coronavirus Disease (COVID-19) global pandemic. The President of the United States of America has declared a national emergency and the Governor of the State of Ohio has declared a state of

emergency in response to the spread of COVID-19. COVID-19 is a respiratory disease that can result in serious illness or death. In light of this unprecedented public health emergency, the United States District Court for the Northern District of Ohio issued General Order No. 2020-08-6, which is incorporated herein, as applicable. In part, the General Order provides, as follows:

> This Court previously issued General Order No. 2020-05, Amended General Order No. 2020-05-1, and Amended General Order No. 2020-05-2 In Re: CORONAVIRUS (COVID-19) PUBLIC EMERGENCY. These Orders were in response to the exponential spread of COVID-19 and the declaring of a public emergency by the President of the United States and the Governor of the State of Ohio.
>
> The Centers for Disease Control and Prevention and other public health authorities have continued to advise the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, including the implementation of multi-phase business recovery plans to gradually resume operations. In response, the Court issued General Order No. 2020-08, Amended General Order No. 2020-08-1, Amended General Order No. 2020-08-2, Amended General Order No. 2020-08-3, Amended General Order No. 2020-08-4, and Amended General Order No. 2020-08-5 In Re: CORONAVIRUS (COVID-19) PHASED-IN RECOVERY PLAN.
>
> The Court's recovery plan continues to follow a multi-phase approach. The pace and progression of recovery through each phase are based on health and business recovery guidance from the Administrative Office of the United States Courts and the State of Ohio.
>
> Throughout all phases of recovery, to the extent possible, the Court will protect the vulnerable: 1) people 65 years or older; and 2) people of all ages with underlying medical conditions identified by the Centers for Disease Control and Prevention.
>
> Reasonable accommodations will be provided wherever possible for individuals and employees who: 1) are vulnerable individuals; 2) are caring for vulnerable individuals in their households; 3) rely solely on public transportation; and 4) have child care issues due to COVID-19.
>
> Jury trials during the pandemic present unique challenges. The Court recognizes that jury selection in this District involves large jury venire pools. These pools often consist of many individuals in the categories identified by the Centers for Disease Control and Prevention as being particularly at risk, individuals involved in essential public functions, and individuals responsible for children unable to attend school or daycare due to the pandemic. Further, it will be a

challenge to provide for jury trials while abiding by necessary precautions to reduce the possibility of exposure to the disease, not only to jurors but to other trial participants as well. Jury trials particularly present a challenge to attorneys who must continuously communicate with clients during the course of a trial.

NOW, THEREFORE, given the present state of the pandemic in the State of Ohio and in order to continue to protect the health and safety of the public, court personnel, counsel, litigants, jurors, and all other case participants; in order to implement a multi-phase recovery plan to gradually resume court operations; in order to reduce the size of public gatherings necessarily attendant to jury selection and reduce unnecessary travel; and in order to permit effective trial preparation of counsel and effective communication with clients during trial, the United States District Court for the Northern District of Ohio hereby issues the following Order:

\*\*\*

CRIMINAL CASES:

To accommodate trials and the effect of public health recommendations on the trials, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A).

Accordingly,

[]Jury trials will commence on May 3, 2021 under the following conditions: 1) the judge, assistant U.S. attorney, defendant, and defendant's counsel all must consent on the record to the commencement of the jury trial; 2) only one jury trial at a time, civil or criminal, will be conducted in each courthouse, except for the Carl B. Stokes U.S. Court House, where no more than two jury trials may be conducted at a time; and 3) each jury trial will be scheduled for no more than five trial days. If a participant does not consent, it must be for a COVID-19 related reason. If a participant has a non-COVID-19 related reason, an appropriate motion for continuance must be filed with the Court

\*\*\*

Amended General Order No. 2020-08-6 (3/1/2021).

In this case, an appropriate motion has been filed by the defendant. Additionally, given the related guidance provided to minimize the risk of infection, the Court finds that the ends of justice

served by the continuance outweigh the best interest of the public and the defendant in a speedy trial for this separate reason.

By agreement of the parties, this ends of justice order and waiver of rights to a speedy trial is effective through October 29, 2021, as may be extended by any period of delay as set forth in or contemplated by 18 U.S.C. § 3161. The time period of the continuance implemented by this order will be excluded under the Speedy Trial Act.

Also, by agreement of the parties, the plea deadline is August 6, 2021, the final pretrial hearing is August 19, 2021 at 1:00 p.m., and the jury trial is September 20, 2021, at 8:00 a.m. on a one-week, standby basis.

IT IS SO ORDERED.

Dated: March 3, 2021

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**