IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-255 |
| | ) | |
| Plaintiff | ) | JUDGE SARA LIOI |
| | ) | |
| -vs- | ) | |
| | ) | **DEFENDANT'S REPLY TO** |
| JOHN GEORGE MEDAS, | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION TO STRIKE** |
| | ) | |
| Defendants | ) | |

Now comes the Defendant, by and through the undersigned counsel, and files his Reply to the Government's purported response to " Defendant's Motion to Strike Government Sentencing Memorandum and to Preclude Argument Thereon".  (Doc #'s  46, 53).

For the reasons stated herein,  based on the government's Response, Defendant Medas stands on his Motion to Strike and all of the allegations of false or misleading set forth therein relative to the Government's Sentencing Memorandum (Doc. # 40).

                                                                         Respectfully submitted,

                                                                         */s/Robert A. Dixon*
                                                                         Robert A. Dixon (0022466)
                                                                         4403 St. Clair Ave.
                                                                         Cleveland, Ohio 44103
                                                                         (216) 432-1992
                                                                         e-mail: Dixonlaws@aol.com

**MEMORANDUM IN SUPPORT**

Procedural History

As it relates to the issues currently before the Court, the Defendant submits the following relevant history. On the eve of the original sentencing date herein, and after 5 p.m. the Government filed its Sentencing Memorandum (Doc # 40). The defense did not become aware of said filing until very late on the night before the scheduled sentencing.

On the following morning, February 1, 2022 this Court granted the defense Motion to continue the sentencing to give the Defendant a fair opportunity to review the Government Memorandum and prepare a response. (Unopposed Motion to Continue Sentencing, Doc. # 41)

Thereafter, on February 9, 2022 the defense filed their "Motion to Strike Government's Sentencing Memorandum and to Preclude argument thereon." (Doc. # 46). Immediately following the filing of this Motion, the Court held a telephonic status conference with counsel for the defense and government. It was the understanding of the undersigned counsel that based on the defense allegations of false or misleading information, the government agreed to fact-check the points raised in the defense Motion to Strike. Subsequently, when requested the defense did not oppose the government obtaining certain depositions from a related civil litigation between Mr. Medas and "P.P".

On March 9, 2022 the government filed an unopposed Motion to Continue the sentencing herein for two to four weeks ostensibly to give them time to complete their fact check. (Doc. # 49). The sentencing was reset for over a month to April 13, 2022

However, despite the lengthy continuance, once again on the eve of the sentencing, and again after normal business hours, the government filed what purports to be their Response to the

Motion to Strike (Doc. # 53). Once again, based upon the late filing, the case was reset for sentencing on May 20, 2022 to permit the defense to study the government response and file a Reply.

Argument

The defense asserts that the government's Response to the Motion to Strike really amounts to no response at all (except as to point #1 in the Defense Motion to Strike wherein the government concedes error).

As the Court is aware, the Defense Motion to Strike contained eight (8) detailed points it considered to be false or misleading information contained in the government Sentencing Memorandum. These allegations were not made lightly, and were made for the sole reason of precluding inaccurate information being placed before this Honorable Court for purposes of sentencing.

The government's Response is baffling. The government's response indicates that:

The purpose of this filing is to correct and clarify any facts in the record raised by the Government's Sentencing Memorandum (ECF No. 40) and Defendant's Motion to Strike . In response, the Government apologizes for having to correct any mistakes in its sentencing memorandum. After doing so, the Government submits that argument should not be precluded."

(Response, Doc. #53 at Page ID#273)

As previously noted, they concede error as to point #1. However, their responses to the remaining allegations raised in the defense Motion to Strike fail to reach the substance of the defense specific allegations of false, inaccurate or misleading information. Most consist of one line such as "In the federal civil litigation E.P. was deposed" (See Response to #5, at Doc.#53, Page ID #275) If their responses are a tacit retraction of their earlier allegations then the defense

is satisfied and the government's previously-filed Sentencing Memorandum should be stricken and argument precluded in the points therein.

However, the defense suspects that the government attempts to have its cake and eat it too. Aside from admission of error as to point #1, the response in no way substantively addresses the very specific allegations contained in the defense Motion to Strike and leaves the defense to guess exactly what argument the government believes should not be precluded. If the government's argument is limited to the bare-bones facts stated in their Response, the defense has little to object to. However, since the government fails to address the specific allegations that were set forth in the Motion to Strike, the defense strongly suspects that they will attempt to interject the same arguments at sentencing—arguments that the defense contends should be precluded as inaccurate or at best grossly misleading.

Again, following the telephonic status conference herein, it was understood by the defense that the government would re-check its sources of information and answer the specific defense allegations of inaccuracy. The government still has not done so in any meaningful way and the defense has no reason to believe that the government will not persist in those same arguments in the upcoming sentencing hearing.

The Sixth Circuit has held that a defendant's due process rights include "the right to be sentenced on the basis of accurate information" *United States v. Stevens,* 851 F. 2d 140, 143 (6th Cir. 1988).

The defense in no way doubts this Honorable court's ability to parse out the facts herein and any fair and accurate conclusions to be drawn, as well as to only consider factors relevant to sentence concerns. However, where, as here, the defense has called into question the government's information with specificity, the defense and this Court should not be left to guess

what parts of the original allegations and arguments the government still relies upon.  It should not be left to the eve of sentencing-- or worse yet-- during the sentencing hearing, to determine which of the arguments the government will continue to pursue.  Due Process and an opportunity to defend require more.

WHEREFORE, based upon the foregoing, the defendant asserts that unless the government has intended an abandonment of the facts and arguments called into question by the defense, the government should be required to specifically answer the allegation contained in the Motion to Strike, or be precluded from raising those arguments at sentencing herein.

Respectfully submitted,

*/s/Robert A. Dixon*
Robert A. Dixon (0022466)
4403 St. Clair Ave.
Cleveland, Ohio 44103
(216) 432-1992
e-mail: Dixonlaws@aol.com

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion was filed via the Court ECF in the United States District Court for the Northern District of Ohio at Cleveland, Ohio and served upon all parties of record by operation of that system this 9th day of May, 2022.

/s/*Robert A. Dixon*
Robert A. Dixon (0022466)