# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-255 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOHN GEORGE MEDAS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 20, 2022, defendant John George Medas ("Medas" or "defendant") was sentenced to an aggregate term of imprisonment of 24 months, following his guilty pleas to twenty-five counts of willful failure to collect, account for, and pay over tax, in violation of 26 U.S.C. § 7202 and 18 U.S.C. § 2; and embezzlement from a health care benefit plan, in violation of 18 U.S.C. §§ 669 and 2. (Doc. No. 57 (Judgment); *see* Doc. No. 37 (Plea Agreement); Minutes of Proceedings [non-document], 5/20/2022; Doc. No. 60 (Final Revised Presentence Investigation Report); *see also* Doc. No. 1 (Indictment).) Now before the Court is defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 72 (Motion).) Plaintiff United States of America (the "government") filed an opposition to the motion (Doc. No. 76 (Response); *see* Doc. No. 75 (Sealed Victim's

Statement)), and defendant has filed a reply. (Doc. No. 77 (Reply).) Defendant has also submitted, *pro se*, a supplement to the reply. (Doc. No. 78 (*Pro Se* Reply).)[1]

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Medas asks the Court to reduce his sentence under Amendment 821, Part B, representing that he qualifies for a sentence reduction as a "zero-point offender." (*See* Doc. No. 72, at 1.) Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[2] U.S.S.G. § 4C1.1. The Amendment, effective November 1, 2023, was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) and (e)(2).

---

[1] The Court does not typically permit "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *See United States v. Green*, 388 F.3d 918, 922–23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987); *see also United States v. Cromer*, 389 F.3d 662, 682–83 (6th Cir. 2004) (There is no constitutional right to hybrid representation). Given that defendant's *pro se* supplemental reply includes additional information, including prison programming records and a personal letter of remorse, information which is relevant to the Court's inquiry under § 3582(c)(2), the Court has considered the supplemental reply.

[2] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

At the time of sentencing, the Court calculated Medas's base offense level to be 20. (*See* Doc. No. 31, at 13 ¶ 38 and Doc. No. 60, at 12 ¶ 37.) After a three-level reduction for acceptance of responsibility was applied (*see* Doc. No 31, at ¶¶ 45-46 and Doc. No. 60, at 13 ¶¶ 44–45), the total offense level was 17. (*See* Doc. No. 31, at 13 ¶ 47 and Doc. No. 60, at 13 ¶ 46.) Medas had no prior criminal convictions, resulting in a criminal history score of 0 (*see* Doc. No. 31, at 13 ¶ 52 and Doc. No. 60, at 13 ¶ 51), which established a criminal history category I. (*Id.*) The advisory guideline range for an offense level 17 and a criminal history category I was 24 to 30 months; and the Court imposed a low-end guideline sentence of 24 months of imprisonment.[3] (*See* Doc. No. 57.)

According to Medas, his criminal history score of 0 "now qualifies him for a two-level reduction in his offense level" under Part B of Amendment 821, thus resulting in an offense level of 15. At offense level 15 and criminal history category I, the sentencing guideline range is now 18 to 24 months. Medas requests that his sentence be reduced to the lowest end of the new sentencing range, namely, 18 months of imprisonment. (*Id.*)

---

[3] At sentencing, the government asked for a high-end guideline sentence. In crafting its sentence, the Court acknowledged that there were competing "aggravating" and "mitigating" circumstance at work. On the aggravating side of the equation, the Court observed that, in failing to pay over $500,000 in FICA taxes, defendant committed a fraud against the United States Treasury that spanned a period of more than four years, and that he embezzled money from his employees over a shorter period of time but with the result of leaving employees without medical insurance. The Court also found that Medas was untruthful and uncooperative with the Department of Labor when the DOL was investigating complaints regarding Medas's companies. Nevertheless, the Court concluded that the mitigating circumstances—including Medas's age, his lack of a criminal record, and his health concerns—tipped the balance in favor of a then-low-end sentence of 24 months.

The government agrees that Medas is eligible for a reduction under Part B as a zero-point offender, but it urges the Court to exercise its discretion in denying Medas's motion based upon the sentencing factors set forth in 18 U.S.C. § 3553(a). (Doc. No. 76, at 2.) In particular, the government argues that "due to the nature and circumstances of the offense, the amount of monetary loss to the United States taxpayer, and the pain and suffering caused by defendant's action to the minor child of P.P., who because of defendant's embezzlement and failure to pay health care premiums had a necessary surgery cancelled due to a lapse in coverage[,]" a reduced sentence would not be appropriate under 18 U.S.C. § 3582(c)(2). (*Id*. at 2–3.)

The Court agrees with the parties that Medas qualifies for consideration of a sentence reduction under Part B as a zero-point offender. Having concluded the amended guideline range would have been applicable to defendant had the Amendment been in effect at the time of the initial sentencing, the Court proceeds to the second step of the analysis and considers whether such a reduction is warranted based on the factors set forth in § 3553(a). *Dillon*, 560 U.S. at 826 (citing § 3582(c)(2)).

Subject to the limits set forth in U.S.S.G. § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821–22; *see United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider all relevant statutory sentencing factors). Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, requires the sentencing judge to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the need for the sentence imposed to: (1) reflect

4

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from future crimes of the defendant; and (4) provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

The nature and circumstances of defendant's offenses were serious and continue to support a significant sentence. The amount of money defendant unlawfully withheld from the United States Treasury in the form of unpaid federal income taxes and FICA taxes was substantial, amounting to more than $500,000.00. (*See* Doc. No. 31, at 10 ¶ 29 and Doc. No. 60, at 10 ¶ 29.) The impact felt by defendant's human victims also underscores the severity of defendant's illegal actions. Victim impact statements offered at sentencing reflect that defendant's actions resulted in the employees of defendant's companies, and their families, suffering physical, financial, and emotional hardships. (*See also, e.g.,* Doc. No. 31, at 10 ¶ 30 and Doc. No. 60, at 10 ¶ 30.)[4]

The history and characteristics of defendant reflect that he enjoyed a good childhood with a close-knit family. (*See also id*. at 14 ¶ 57.) The defendant is currently married and has four adult children. (*See also id*. at 14–15 ¶¶ 59–60.) He reports that he continues to enjoy strong ties to his family and the community. (Doc. No. 78, at 2.) Additionally, defendant was 68-years old at the time of sentencing, and he suffered from high blood pressure, for which he was prescribed medication. (*See also id*. at 15–16 ¶ 62.) Defendant does not provide an update of this condition,

---

[4] As alluded to by the government, a former employee (identified as P.P.) and his minor daughter offered victim statements indicating that defendant's failure to pay into the company's health plan caused a lapse in the family's health care coverage which, in turn, resulted in the delay of the daughter's necessary surgery for a serious condition. The delay prolonged her physical pain and suffering, caused severe emotional distress, and threatened her long-term recovery.

nor does he suggest that the Bureau of Prisons has been unable to adequately manage this condition at his facility. Defendant is a high school graduate, holds a bachelor's degree in political science, and he was the owner of several manufacturing businesses from which unlawfully withheld taxes and failed to make required contributions to employee healthcare plans. (*See also id*. at 16–17 ¶¶ 65–68.) With the possible exceptions of his age and medical condition (both of which were considered at the time of the defendant's sentencing hearing), the Court finds that there are no § 3553(a) factor that now militate for a reduced sentence.[5] Indeed, even considering what defendant's revised advisory guideline sentencing range would be with a reduction under Part B as a zero-point offender to an advisory guideline range of 18 – 24 months of imprisonment, the Court finds that a 24-month custody term—a high-end guideline sentence under the new range, is still sufficient, but not greater than necessary, to effect the purposes of sentencing set forth in the sentencing statute.

To be clear, the Court has also considered defendant's post-judgment behavior, including the programming he completed in prison, his incident-free behavior at the facility where he is incarcerated, and his letter of remorse. (*See* Doc. No. 77-2 (Prison Records); Doc. No. 78-2 (Additional Prison Records and Letter).) But after considering all of the § 3553(a) factors, the Court finds that a reduction of his sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.

---

[5] As previously noted, defendant's lack of a criminal history also factored prominently into the Court's decision to impose a 24-month sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 72) is DENIED.

**IT IS SO ORDERED**.

Dated: February 21, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**